UNITED STATES DISTRICT COURT
FOR THE DISTRICT

AMERRISQUE TABLADA

      VS                                       1:25-CV-00118

ROCKET MORTGAGE, LLC
SEVEN DEUCE, LLC

MOTION TO REMAND WITH INCOPORATED MEMORANDUM

### INTRODUCTION

This is a state law breach of contract action filed in the Washington County Superior Court against Rocket Mortgage and a Rhode Island Defendant, Seven Deuce, LLC the successful bidder in a purported foreclosure for the Plaintiff's property located at   63 West Shannock Road, Richmond, Rhode Island. Plaintiff ff alleged Rocket Mortgage's failed to adhere to mandatory HUD loss mitigation regulations incorporated into the mortgage agreement (including the offering of a partial claim) and did not comply with paragraph 22 of the mortgage. There is no diversity jurisdiction as a Rhode Island Limited Liability Company is also a defendant. Despite the lack of a federal statute authorizing jurisdiction in the Federal Court, Defendant improperly removed this action to this Court, alleging a federal regulation was involved. However, the Complaint alleges only state law

1

breaches of contract and does not assert any federal causes of action, such as a RESPA violation. Therefore, removal was improper.

## STATEMENT OF FACTS

1. On January 29, 2026 , Plaintiff filed a Complaint in Washington County Superior Court, a State Court of the State of Rhode Island alleging breach of contract.

2. The state law breach of contract complaint specifically alleges that Defendant violated the terms of the mortgage, which   specifically stated that the mortgagee failed to  comply with the terms of mortgage. This mortgage specifically provided that the mortgagee must comply with all laws and regulations, including the HUD regulations, 24 CFR § 203.371, which required the servicer to evaluate the borrower for a partial claim and other loss mitigation requirements.

3. The Complaint does not allege a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, nor any other federal statute as a cause of action. A prior action did include such a claim. However this action does not.

4.  On February 27, 2026, 2026 Defendant filed a Notice of Removal [Doc. #]. In this Notice of Removal Defendant alleged that Plaintiff's clams involved

a federal question and claims jurisdiction under 28 U.S.C. 1441(c) because it involves HUD regulations.

**The Complaint Raises No Federal Question**

Removal based on federal question jurisdiction is proper only if the federal court could have exercised original jurisdiction based on the face of the state court complaint. 28 U.S.C. § 1441(a).    The mere mention of federal regulations in a state law contract claim does not turn it into a federal claim. The core dispute is whether the defendant breached the contract, not the validity of the regulations themselves. While HUD regulations do not provide a private cause of action, they can be enforced when expressly incorporated into the lender-borrower agreement. The lawsuit uses the regulations as a standard of performance within a contract claim, not as a federal claim.

Under *Gunn v. Minton*, 568 U.S. 251 (2013), a federal issue must be "substantial" to provide federal jurisdiction. A run-of-the-mill breach of contract claim based on servicing guidelines and breach of the terms of the mortgage  does not meet this standard, as it would not disrupt the federal-state balance. *Gunn* was cited by the Rhode Island District Court in Wendella Sightseeing v. Blount Boats, C.A. Nos. 17-388 WES, 17-368 WES, in which the Court remanded a case to the Superior Court holding:

Whatever the merits of Blount's argument, this is not the type of issue that falls within the federal ingredient doctrine's ambit, for at least two reasons. First, a

decision on the issue is unnecessary to review of the claims in Wendella's FASC. Blount's argument is a defensive one; it claims the Motion to Vacate is, at least in part, based on a premise that violates federal law. While this may be true, it is not necessary for a court to reach this argument, because the motion may well be decided on other grounds. . . . Second, the issue is not substantial. A substantiality inquiry in this context "looks . . . to the importance of the issue to the federal system as a whole." Gunn, 568 U.S. at 260. "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit . . . ." Id. An issue is important to the federal system "where the outcome of the claim could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases" or "where a claim between two private parties, though based in state law, directly challenges the propriety of an action taken by a federal department, agency, or service."

The complaint alleged the following breach of contract claims in the preface

to the Counts alleged:

Neither Rocket Mortgage nor any entity acting on its behalf ever called the

Plaintiff  thirty six days after he went into default and every thirty six days later to

discuss loss mitigation options and explain the Plaintiff those loss mitigation

options as required by the 12 C.R.R. 1024.39.

As a result of this failure to comply with  the HUD Regulations and 12 C.F.R.

1024.39 Rocket Mortgage could not exercise the statutory power of sale.

 Strict compliance with the  HUD Regulations and 12 C.F.R. 1024.39 was required

for the owner of the mortgage to exercise the statutory power of sale.

 Rocket Mortgage purported to mail a  Notice of Foreclosure Sale, dated

November 27, 2024, which did not strictly comply with the terms of the mortgage

and R.I.G.L. 34-27-4.

4

A copy of this purported Notice of Sale is attached as Exhibit C.   This notice was not signed.

This notice was printed by MailPro Solutions, 2001 NW 64th Street Suite 110. Fort Lauderdale, FL, 33309.

The law firm of Brock and  Scott, PLLC did not mail this Notice of Sale on behalf of  Rocket Mortgage.

The law firm of Brock and  Scott, PPLC never mailed this letter. Mailpro Solutions is not a law firm. Mailpro Solutions was never authorized by any entity claiming to own the mortgage loan to mail any letters scheduling a foreclosure sale of Plaintiff's home.

This purported Notice of Sale was not mailed by certified mail return receipt requested but instead was mailed by certified mail electronic receipt,  a different type of mailing not authorized by R.I.G.L. 34-27-4 or R.I.G.L. 34-11-22, in order to save money on the mailing,.Pursuant to R.I.G.L. 34-27-11 and 34-27-4, any foreclosure sale which is not mailed by certified mail return receipt requested is void.

This purported Notice of Sale falsely stated that Brock and Scott PLLC had an address of 2001 NW 64th Street, Suite 110, Fort Lauderdale, FL 33309 , even though that  address is the address of Mailpro.

The purported Notice of Sale was deposited into the United States mail in Fort Lauderdale, Florida by MailPro Solutions within twenty nine days of the first advertisement in the Providence Journal, which ran on January 2, 2025.

This purported Notice of Sale scheduled a foreclosure sale on January 24, 2025. As a result this purported sale was void due to noncompliance with R.I.G.L. 34-27-4 and R.I.G.L.34-11-22.

At this purported sale, the original bidder defaulted, and the second bidder was Seven Deuce, LLC a Rhode Island limited liability company, which has bid $300,000.00 for this purported sale. This property has a current fair market value of $477,000.00 in the current market.

No foreclosure deed has yet been recorded and Seven Deuce LLC has not transmitted any funds to Rocket Mortgage or the auctioneer.

This sale is also void because the purported unsigned Notice of Default dated August 22, 2024, attached as Exhibit D did not strictly comply with the terms of the mortgage. 7

This unsigned letter was also not mailed by Rocket Mortgage. This unsigned letter was not printed by Rocket Mortgage. This unsigned letter was printed and mailed by Covius Print Ready Services in Temecula, California, a purported mail vendor for Rocket Mortgage.

Covius Print Ready Services is not licensed to practice law in Rhode Island.

This letter did not strictly comply with the terms of the note and mortgage by demanding that the Plaintiff pay late charges of $300.18.

The monthly late fee for this mortgage loan was $50.03. The actual total late fee due on the mortgage loan account was

This letter also did not strictly comply with the terms of the mortgage and note by demanding other unspecified charges of $25.00 and an unspecified corporate advance balance of $177.78. 21

The mortgage only requires payment of such additional charges, other than the monthly payment due, in conjunction with the reinstatement of the mortgage note after acceleration.

This letter also falsely stated that failure to cure would result in a foreclosure proceeding in which Rocket Mortgage on behalf of Ginnie Mae II would pursue a deficiency judgment.

This letter also did not strictly comply with the terms of the mortgage by stating that failure to cure the mortgage on or before a date specified as October 11, 2024 may result in acceleration and sale.

This portion of the letter demanded payment at a date before thirty days had passed from the date that the letter was deposited in the mail by the mail vendor and did not strictly comply with the mortgage.

7

Paragraph 19 of the mortgage requires that the fees and expenses demanded in the default letter only be required to be paid after the mortgage and note were accelerated.

This mortgage note was never accelerated by Rocket Mortgage or any other entity.

Count I sought a Rhode Island State Declaratory Judgment that the sale was void for not strictly complying with the terms of the mortgage as required by the Rhode Island Supreme Court in *Woel v. Christiana Trust,* 228 A. 3d 339 (2020),

Count II sought injunctive relief for failure to strictly comply with the terms of the mortgage

Count III of this complaint alleged the following contractual claims:

175. Plaintiff restates and incorporates all of the allegations contained in paragraphs 1 through 174 in their entirety, as if fully rewritten herein.

176. Paragraph Definition I and paragraph 22 of the mortgage implicitly incorporated the HUD regulations as a precondition to acceleration and sale. Paragraph 22 of the mortgage states: If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and those remedies permitted by Applicable Law may be invoked.

177. Definition I on page two of Plaintiff's mortgage defines applicable law to include the HUD regulations: "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final and non-appealable judicial opinions.

178. Rocket Mortgage breached the contract by not providing the Plaintiff with all loss mitigation options and by not complying with the HUD Regulations.

179. Rocket Mortgage obtained the benefit of insurance for the mortgage loan by agreeing to comply with all HUD loss mitigation regulations.

180. Plaintiff paid a premium for the benefit of the mortgage insurance provided to Rocket Mortgage by Ginnie Mae.

181. As a result of this insurance and the terms of the mortgage, Rocket Mortgage was required to comply with the HUD regulations for loss mitigation prior to accelerating the mortgage loan and in servicing the Plaintiff's mortgage.

182. Plaintiff has incurred damages arising from this breach of contract.

183. Plaintiff has incurred damages attributable to the loss of his home if this purported sale is not rescinded due to the failure of Rocket Mortgage to comply with the terms of the mortgage, Rhode Island statutory scheme for nonjudicial foreclosures and the HUD regulations.

184. Legal fees and costs have been charged to his mortgage loan account due to this defective attempt to foreclose, which has diminished his equity in the property.

185. If this sale is concluded and his home is purchased for $300,000.00, the Plaintiff will have additional damages in the amount of $177,000.00 for lost equity.

186. The conduct of Rocket Mortgage in not complying with the terms of the mortgage, the statutory scheme for nonjudicial foreclosures and the HUD Regulations was willful, wanton and reckless, warranting the imposition of punitive damages.

187. Plaintiff has incurred legal fees for the defense of this improper foreclosure and for the prosecution of this action.

WHEREFORE, Plaintiff demands Judgment against Rocket Mortgage, LLC for the following relief: a. Actual damages and punitive damages against Rocket Mortgage for failure to comply with the terms of the mortgage and the HUD Regulations and for legal fees and actual damages arising from the breach of contract and for failure to comply with the HUD Regulations, R.I.G.L 34-27-4 and the terms of the mortgage. b. All other just and proper relief.

## THE WELL-PLEADED COMPLAINT RULE MANDATES REMAND

The most foundational support for remand is the well-pleaded complaint rule. This rule dictates that federal jurisdiction exists only if a federal question

appears on the face of your original state court complaint.  This doctrine is set forth

in *Caterpillar, Inc. v.  Williams*, 482 U.S. 386 (1987) , in which the Court held:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.[5] Absent diversity of citizenship, federal-question jurisdiction is required.[6] The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See *Gully* v. *First National Bank,* 299 U. S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.[7]

This Court has cited the Well Pleaded Complaint doctrine in  T*aylor v. Scott*

*Motors,* C.A. No. 16-083-ML.(2016)    in which it held:

Accordingly, unless the complaint "implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep," id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)), the Court's analysis of whether federal jurisdiction exists is limited to what can be ascertained from the face of the state court complaint. Danca v. Private Health Care Systems, Inc., 185 F.3d at 4); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997) ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry—the well-pleaded complaint rule—which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint").

Since the Plaintiff's complaint only alleges a breach of contract (a state law

claim) and does not assert a federal cause of action like a RESPA violation, the

defendant cannot "create" federal jurisdiction by pointing to federal regulations in

11

their defense or removal notice. The removal notice did not assert that any Federal

Statute providing jurisdiction over this case supported removal and as a result, the

motion to remand should be granted on this basis alone.

In *Matthews v PHH Corporation Civil Action No. 3:09-CV-00083.(2010)*

the District Court remanded a case similar to this case holding:

Federal question jurisdiction under § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 12 (2003). "In determining whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action." *Mulcahey, supra,* 29 F.3d at 151. "Most of the cases brought under § 1331 federal question jurisdiction `are those in which federal law creates the cause of action.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 809 (1986)). "In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Id.* If, however, state law creates the cause of action, a different test applies. "In this instance, federal question jurisdiction depends on whether the plaintiff's demand `necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 28 (1983) (emphasis added in *Mulcahey* )). In the instant matter, plaintiffs' "demand" is for a declaration that defendant has not complied with the terms of the deed of trust, *i.e.,* the parties' contract. The deed of trust incorporated 24 C.F.R. § 203.604 — a federal HUD regulation — as a condition of the contract. Thus, while plaintiffs' declaratory judgment action necessarily requires analysis of a federal regulation, the suit actually relates to rights and obligations under the parties' contract, the rights and obligations of which are governed by state law. *Kestler v. Bd. of Trs. of N.C. Local Gov'tal Emps.' Ret. Sys.,* 48 F.3d 800, 803 (4th Cir. 1995) ("[T]he issue of whether a contract right exists is governed by state law."); *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Univ.,* 489 U.S. 468, 474 (1989) (interpretation of private contracts is a question of state law). To be sure, state law can be pre-empted by both federal statutes and federal regulations. *See Hillsborough Cnty. v. Automated Med. Labs., Inc.,* 471 U.S. 707, 713 (1985) ("We have held repeatedly that state laws can be

12

pre-empted by federal regulations as well as by federal statutes.") However, "the parties do not cite, and the Court is not aware of, any principles of preemption that would operate to suggest that the absence of a federal cause of action under the [National Housing Act or HUD regulations] was intended to prevent parties from entering into an agreement to make otherwise unenforceable conditions enforceable under state principles of contract law." *Kersey v. PHH Mortg. Corp.,* 682 F. Supp. 588, 597 (E.D. Va. Jan. 22, 2010). Accordingly, state law creates plaintiffs' underlying cause of action, and federal question jurisdiction exists in this case only if plaintiffs' demand "necessarily depends on resolution of a substantial question of federal law." *Mulcahey,* 29 F.3d at 151 (emphasis and citations omitted).

In the Fourth Circuit, "if a federal law does not provide a private right of action, a state law action based on its violation does not raise a `substantial' federal question." *Mulcahey,* 29 F.3d at 152 (interpreting *Merrell Dow,* 478 U.S. 804). In other words, a state law claim alleging the violation of a federal statute or a federal regulation, promulgated pursuant to a federal statute, is insufficient to confer federal question jurisdiction if the underlying federal statute does not provide a private right of action. *See id.*; *see also Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.,* 274 F. Supp. 2d 767, 774 (E.D. Va. 2003) ("[A] plaintiff's claim of a violation of federal statute does not create federal jurisdiction unless the plaintiff could avail himself of the remedies provided by the federal statute."). Here, there is no dispute: the HUD regulations do not provide plaintiffs with a private right of action. Therefore, plaintiffs' claim that defendant violated a federal regulation that was incorporated as a condition of the parties' state law-governed contract is insufficient to confer federal question jurisdiction over this matter.

*Matthews* is similar to a *Curtis v. Embrace Home Loans,* C.A. No. 18-057-JJM-PAS., in which Judge McConnell remanded the breach of contract claim for failure to provide a face to face meeting for a FHA mortgage to State Court. In *Dan Harry v. PNC Bank,* C.A. No. 17-136 WES. a class action was removed from State Court. However the Court held that failure to comply with HUD regulations was a state court breach of contract claim, which was not based on a Federal statute. These cases support Plaintiff's Motion to remand.

13

**All Doubts Should Be Resolved in Favor of Remand**

The Supreme Court in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) affirmed a reversal by the 5th Circuit of a District Court order denying a Motion to Remand for lack of jurisdiction. The Court noted the high burden for a party seeking removal:

Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states 109*109 under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy* v. *Ratta,* 292 U.S. 263, 270; see *Kline* v. *Burke Construction Co.,* 260 U.S. 226, 233, 234; *Matthews* v. *Rodgers,* 284 U.S. 521, 525; cf. *Elgin* v. *Marshall,* 106 U.S. 578.

Thus the removal statute should be strictly construed and all doubts resolved in favor of remand unless the party seeking removal establishes that there is a Federal Statute authorizing an action for breach of contract based on failure to strictly comply with the terms of the mortgage, which by definition I and paragraph 22 of the mortgage referenced the HUD regulations. There is no such statute and Defendant did not meet it high burden.

**CONCLUSION**

14

Because this Court lacks subject-matter jurisdiction, the Plaintiff's breach of

contract claim, which is not a RESPA claim, is a state law claim as to which

Plaintiff could not have initially filed in Federal Court.  28 U.S.C. 1441(a) states

**(a)**GENERALLY.—
Except as otherwise expressly provided by Act of Congress, any civil action
brought in a State court of which the district courts of the United States have
original jurisdiction, may be removed by the defendant or the defendants, to the
district court of the United States for the district and division embracing the place
where such action is pending.

This statute does not provide jurisdiction. Nor does section (c ) which states:

**(c)Joinder of Federal Law Claims and State Law Claims.—**
**(1)**If a civil action includes—
**(A)**
a claim arising under the Constitution, laws, or treaties of the United States (within
the meaning of section 1331 of this title), and
**(B)**
a claim not within the original or supplemental jurisdiction of the district court or a
claim that has been made nonremovable by statute,
the entire action may be removed if the action would be removable without the
inclusion of the claim described in subparagraph (B).

 However there is no joinder of any Federal Claims in this state Court breach of

contract claim. Thus Defendant's reliance on 28 U.S.C. 1441( c) is misplaced and

contrary to principles of federalism.

Finally the assertion that 12 C.F.R. 1024.39 is "involved" does not meet the

standard for removal. Defendant  contends in removal that the HUD regulations are

involved  to bring the case into Federal Court for a simple breach of contract claim

contrary to state law, which requires strict compliance with the terms of the

mortgage. There is no statutory basis for this breach of contract claim in Federal Court.

For these reasons the Motion to Remand should be granted and attorney fees awarded to the Plaintiff. Defendant decided to interpret the Plaintiff's complaint to its own evaluation without any case law support. Rhode Island requires strict compliance with paragraph 22 of the mortgage which permitted the statutory power of sale if permitted by applicable law. Paragraph I specifically defined applicable law as:

All controlling applicable federal, state and local statutes , regulations ordinances and administrative rules and orders

 Defendant was required by this section to strictly comply with HUD regulations due to this section, which is a matter of state, not federal law.

Finally this Court lacks jurisdiction to decide this contractual case and in the interests of justice should not require Plaintiff to respond to the Motion to Dismiss, due to the defective removal. A Motion regarding Jurisdiction  takes precedence over non-jurisdictional Motions.

March 30, 2026                          AMERRISQUE TABLADA

                                        By his attorney,
                                        /s/ John B. Ennis
                                        John B. Ennis, Esq. #2135
                                        1200 Reservoir Avenue
                                        Cranston, RI 02920
                                        (401)943-9230

16

Jbelaw75@gmail.com


CERTIFICATE OF SERVICE

I certify that a copy of this Motion was served electronically on all attorneys of record on March 30, 2026.

/s/ John B. Ennis