**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|                                        |     |                              |
|----------------------------------------|-----|------------------------------|
| **AMERRISQUE TABLADA,**                | )   |                              |
|                                        | )   |                              |
| **PLAINTIFFS,**                        | )   |                              |
|                                        | )   |                              |
| **v.**                                 | )   | **C.A. No. 1:26-cv-00118**   |
|                                        | )   |                              |
| **ROCKET MORTGAGE, LLC;**              | )   |                              |
| **SEVEN DEUCE, LLC,**                  | )   |                              |
|                                        | )   |                              |
| **DEFENDANTS.**                        | )   |                              |

**DEFENDANT, ROCKET MORTGAG, LLC'S, OBJECTION
TO PLAINTIFF'S MOTION TO REMAND**

The Defendant, Rocket Mortgage, LLC, hereby objects to the Plaintiff, Amerrisque Tablada's, Motion to Remand the instant action ("*Tablada 2*") on the grounds that the complaint presents the same federal questions posed in the original complaint filed in June 2025, C.A. No. 1:25-cv-00284-MSM-AEM ("*Tablada 1*") against the Government National Mortgage Association ("Ginnie Mae") and Rocket Mortgage relative to Plaintiff's eligibility "for a standalone partial claim loss mitigation option…" *See Tablada 2*, *Compl.* (ECF 5) at 17, ¶ 54; *Tablada 1*, *Compl.* (ECF 1) at 16, ¶ 53.

The Plaintiff's complaint presents a federal question sufficient to invoke jurisdiction under 28 U.S.C. § 1441(a) because: (1) application of the 12 U.S.C. § 1715u, arising from the alleged partial claim mortgage violations, and 12 C.F.R. § 1024.39, for the alleged HUD notice violations, is necessary because these allegations require application of only federal law, not state contractual law; (2) these allegations and the fate of Ginnie Mae/HUD's partial claim mortgage are actually disputed by the Parties; (3) a decision on the federal questions would substantially settle a pure issue of law concerning whether the HUD provisions may be asserted without a contractual agreement, affects an important Government interest to limit judicial review of HUD's partial

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

claim mortgage application, and may avoid HUD from losing its secured status in partial claim funds; and (4) resolution of the federal issues would only affect the Court's original jurisdiction, pursuant to 28 U.S.C. § 1331, because the Plaintiff cannot rely on any state law that permits the creation of an "implied contract" to allege violations under federal law, Congress has proscribed complete preemption of judicial review over partial claim mortgages, and any state law claims concerning the notice of sale or default letters are ancillary to the underlying federal issues. In support of its objection, Rocket Mortgage incorporates the following memorandum of law.

## STATEMENT OF FACTS

1. On June 17, 2025, the Plaintiff filed a nearly identical complaint in *Tablada 1* alleging the same causes of action asserted in the present action: Count I seeks Declaratory Judgment quieting title in the mortgaged property, 63 W. Shannock Road, Richmond, Rhode Island (the "Property"), and declaring the foreclosure sale void; Count II seeks injunctive relief prohibiting the recording of a foreclosure deed; Count III asserts a claim of breach of the covenant of good faith and fair dealing and breach of an "implied contract" established by the Secretary of Housing and Urban Development (HUD) pursuant to 12 C.F.R. 1024.39, *et seq.*

2. The original complaint (ECF 1) in *Tablada 1* did not include allegations under the Real Estate Settlement Procedures Act, as these were not asserted until Plaintiff amended his complaint. *See Tablada 1*, *Am. Compl.* (ECF 20-1).

3. Just as the original complaint alleged in *Tablada 1*, Plaintiff now alleges in *Tablada 2* the same allegations of fact, specifically:

   a. "Shortly after November 13, 2019, Quicken Loans, Inc. transferred Plaintiff's note and mortgage to a Ginnie Mae pool of loans as part of the process of creating

2

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

Mortgage-Backed Securities (MBS)." *Compare Tablada 2*, *Compl.* (ECF 5) at 4, ¶ 17, *with Tablada 1, Compl.* (ECF 1) at 4, ¶ 19.

b. "As a condition of receiving insurance for mortgage loans in the MSP pool of Ginnie Mae II, including Plaintiff's mortgage, Rocket Mortgage was required to comply with all HUD regulations for loss mitigation and other servicing guidelines." *Compare Tablada 2, Compl.* (ECF 5) at 5, ¶ 23, *with Tablada 1, Compl.* (ECF 1) at 5, ¶ 27.

c. "These HUD regulations required the following actions by Rocket Mortgage before accelerating the mortgage loan and foreclosing on the mortgage: a. For FHA-insured loans, loan servicers have specific contact requirements for delinquent borrowers[;] b. Telephone Contact with a borrower was required and Rocket Mortgage had to initiate calls by the 20th day of delinquency, calling at least twice weekly at varying times until contact is made or the property is vacant[;] c. Live Contact Attempt with the borrower was required either by phone or in-person by the 36th day of delinquency and again 36 days after each missed payment as long as the borrower is delinquent[;] d. Written Notice was required to be sent by the 45th day of delinquency and again 45 days after each missed payment as long as the borrower is delinquent[;] e. A Face-to-Face Interview had to be attempted or Rocket Mortgage had to make a reasonable effort to arrange a face-to-face interview by the 61st day of delinquency[;] f. Servicers such as Rocket Mortgage were required to contact borrowers early in the delinquency cycle[;] g. By the 45th day of delinquency, servicers must assign personnel to assist the borrower and be available to discuss options[;] h. Servicers must inform borrowers about loss

3

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

mitigation options during live contact[.]" *Compare Tablada 2, Compl.* (ECF 5) at 5-6, ¶ 25, *with Tablada 1, Compl.* (ECF 1) at 5-6, ¶ 28.

d. "Rocket Mortgage did not comply with the HUD Regulations and did not make any calls to the Plaintiff after he fell into arrears on this loan in 2024." *Compare Tablada 2, Compl.* (ECF 5) at 7, ¶ 28, *with Tablada 1, Compl.* (ECF 1) at 16, ¶ 52.

e. "The Plaintiff in 2023 was provided a prior [FHA] partial claim [mortgage] in the amount of $54,743.90 … [but] [t]he maximum partial claim at the time of the alleged default was $21,762.62 based on $76,506.52 less the prior partial claim of $54, 743.90." *Compare Tablada 2, Compl.* (ECF 5) at 16, ¶¶ 45, 47, *with Tablada 1, Compl.* (ECF 1) at 15, ¶¶ 42, 44. [1]

f. "Plaintiff was eligible for a standalone partial claim loss mitigation option, a loan modification combined with a partial claim loss mitigation option or a Payment Supplement loss mitigation option, when he went into default." *Compare Tablada 2, Compl.* (ECF 5) at 17-18, ¶ 54, *with Tablada 1, Compl.* (ECF 1) at 16, ¶ 53.

g. "Rocket Mortgage purported to mail a Notice of Foreclosure Sale dated November 27, 2024, which did not strictly comply with the terms of the mortgage and R.I.G.L. 34-27-4." *Compare Tablada 2, Compl.* (ECF 5) at 18, ¶ 58, *with Tablada 1, Compl.* (ECF 1) at 17, ¶ 59.

---

[1] The partial claim mortgage, like all partial claim mortgages, was granted to the Secretary of Housing and Urban Development. Here, the partial claim mortgage was recorded with the Town of Richmond Land Evidence Records in Book 367, Page 738. The partial claim mortgage was discharged by recorded Satisfaction of Mortgage recorded in Book 379, Page 930. It is unclear from the Complaint whether Plaintiff seeks reinstatement of the Partial Claim Mortgage should the foreclosure sale be declared void.

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

h. "This purported Notice of Sale scheduled a foreclosure sale on January 24, 2025." *Compare Tablada 2, Compl.* (ECF 5) at 20, ¶ 70, *with Tablada 1, Compl.* (ECF 1) at 19, ¶ 72.

i. "Rocket Mortgage, LLC seeks to convey a foreclosure deed to Seven Deuce, LLC for $300,000.00, which is $170,000.00 less than the current value of the property." *Compare Tablada 2, Compl.* (ECF 5) at 37, ¶ 160, *with Tablada 1, Compl.* (ECF 1) at 23-24, ¶¶ 101-02.

4. The only notable difference between these complaints is the absence of Ginnie Mae as a specified party to the *Tablada 2* complaint, however, the legal implications against Ginnie Mae and HUD remain a part of Count I. *See id.* ¶¶ 19, 27, 42, 44, 53.

5. Indeed, Plaintiff admits in *Tablada 1* that this Court has subject matter jurisdiction over these claims because Ginnie Mae "is an instrumentality of the United States Government." *See Tablada 1, Compl.* (ECF 1) at 1, ¶ 5.

6. On September 17, 2025, after extensive briefing and oral argument in *Tablada 1*, this Court (McElroy, J.) denied Plaintiff's motion for preliminary injunction.

7. On September 26, 2025, Rocket Mortgage filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), though the motion was never heard.

8. On December 1, 2025, the Plaintiff voluntarily dismissed *Tablada 1*.

9. On January 29, 2026, the Plaintiff filed *Tablada 2* in the Washington County Superior Court, Civil Action No. WC-2026-0047.

10. On February 27, 2026, Rocket Mortgage timely removed *Tablada 2* to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1441 *et seq.*, on

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

the grounds that Plaintiff has asserted the same causes of action raised in *Tablada 1* against Ginnie Mae and its agent, loan servicer Rocket Mortgage.

11. While Rocket Mortgage has not been served in this action, the Plaintiff's legal action creates a cloud on title preventing Rocket Mortgage from closing on the sale to Seven Deuce, LLC.

## ARGUMENT

The Plaintiff's complaint invokes the same federal question jurisdiction against Ginnie Mae that he sought in *Tablada 1*, arising under 12 U.S.C. § 1715u, which governs partial claim mortgages, and 12 C.F.R. § 1024.39, which establishes HUD's notice regulations. *See Tablada 2, Compl.* (ECF 5) at ¶¶ 17, 23, 25. These claims against this "instrumentality of the United States Government" involve a "strong interest" on the part of the government's ability to recover its delinquent mortgage payments through foreclosure sale of the mortgaged property, which in turn "require[s] clear terms of notice to allow buyers … to satisfy themselves that [Ginnie Mae] has touched the bases necessary for good title." *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 315 (affirming federal question jurisdiction, pursuant to 28 U.S.C. § 1441(a), for a state quiet title action arising from a federal tax sale performed by the Internal Revenue Service).

To determine whether a state law claim arises under federal law, this Court must apply a four-part test: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *See Gunn v. Minton*, 568 U.S. 251, 258 (2013). The first element is met when the federal issue "is a *necessary* element of one of the well-pleaded state claims" in the Plaintiff's complaint. *See R.I. v. Shell Oil Products Co., LLC*, 35

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

F.4th 44, 56 (1st Cir. 2022) (emphasis in original) (internal citations and quotations omitted). The third element is met when "the outcome of the claim could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases." *See R.I. Truck Ctr., LLC v. Daimler Trucks N. Am., LLC*, 92 F.4th 330, 343 (1st Cir. 2024) (internal citations and quotations omitted). Such a case is "more likely to be important to the federal system as a whole if it presents a nearly pure issue of law…that could be settled once and for all" rather than an issue that is "fact-bound and situation-specific". *Id.* (internal citations and quotations omitted). The fourth element is met where "the federal issue arises here in a claim that is not materially distinguishable from the federal claims in *City of Chicago [v. International College of Surgeons*, 522 U.S. 156 (1997)]*, then the issue arises here pursuant to a claim that was properly removed under § 1441(a) based on § 1331." *Id.* at 344.

1. **The Federal Issues are a Necessary Element of One of the Well-Pleaded State Claims.**

Here, just as in *Grable*, Count I seeks to quiet title in the Property and void the sale over the disputed issue concerning whether Mr. Tablada received "notice within the meaning of the *federal statute*." *See* 545 U.S. at 315 (emphasis added). The Complaint alleges that Mr. Tablada is entitled to partial claim funds, which can only be authorized through HUD, pursuant to Section 230 of the National Housing Act (the "NHA"), codified under 12 U.S.C. § 1715u. Ginnie Mae, which is "controlled and directed by [HUD]" is alleged to be the owner of the Note and, acting through its loan servicer, authorized the foreclosure sale of the Property. *See Gov't Nat'l Mortg. Assoc. v. Terry*, 608 F.2d 614, 616 (5th Cir. 1979) (holding that Ginnie Mae is a government agency as defined by 28 U.S.C. § 1345); *Tablada 2, Compl.* (ECF 5) at ¶¶ 19, 27. The NHA establishes " a program for payment of a partial claim to a mortgage that agrees to apply the claim to payment of a mortgage on a 1- to 4-family residence that is in default or faces imminent default,

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

as defined by the Secretary." 12 U.S.C. § 1715u(b)(1). The statutory maximum for any payment of a partial claim is "not to exceed an amount equivalent to 30 percent of the unpaid principal balance of the mortgage and any costs that are approved by the Secretary…" 12 U.S.C. § 1715u(b)(2). However, Congress explicitly prohibits judicial review of HUD's implementation of these provisions under the NHA. 12 U.S.C. § 1715u(d). Any actions taken to pay for the partial claims or failure to act is statutorily exempted from judicial review. 12 U.S.C. § 1710(a)(2). Here, the Complaint bases its claims for improper fees assessed to the loan account, at least in part, on Mr. Tablada's assertion that he was eligible for additional partial claim funds. *See Tablada 2, Compl.* (ECF 5) at ¶¶ 54, 157, 184. There is no contractual provision in the Mortgage that would allow Mr. Tablada to dispute whether another partial claim mortgage should have been provided under state law. Thus, Plaintiff must apply the NHA statutory provisions as "a *necessary* element" to finding that Ginnie Mae or its loan servicer violated HUD Regulations as plead in the Plaintiff's complaint. *See Shell Oil*, 35 F.4th at 56 (emphasis in original).

Likewise, the Complaint alleges that the HUD Regulations require Ginnie Mae's loan servicer provide "Live Contact" with the Mr. Tablada "either by phone or in-person by the 36th day of delinquency and again 36 days after each missed payment as long as the borrower is delinquent." *See Tablada 2, Compl.* (ECF 5) at 5, ¶ 25(c). The Complaint further alleges that these HUD notice provisions must be strictly complied with or the mortgagee cannot exercise the statutory power of sale, resulting in invalidating the resulting foreclosure sale. *See id.* at 18, ¶ 57. While Count III seeks to impute a contractual right to invoke the HUD Regulations, the only contractual provision Plaintiff can point to is a provision that allows the Lender to accelerate the loan "without further demand and those remedies permitted by Applicable Law may be invoked." *See id.* at 42-43, ¶ 176. This tenuous justification belies Plaintiff's claim that the HUD Regulations

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

are being asserted as a matter of state contractual law. In fact, there are no contractual terms in the Mortgage that provides Plaintiff with a basis to assert these federal regulations. *See e.g., Dan-Harry v. PNC Bank, N.A.*, C.A. No. 17-136 WES, 2018 WL 1083581 at *1 (D.R.I. Feb. 27, 2018) (applying HUD Regulations as a contractual obligation where the mortgage provides "[t]his Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."). Therefore, the first prong is met because both the HUD notice provisions and the alleged partial claim mortgage violations require application of only federal law not contractual law.

**2. The Federal Issues are Actually Disputed.**

The Federal issues are also "actually disputed" here. While Mr. Tablada now asserts that the "HUD regulations do not provide a private cause of action," his attempt to incorporate the federal regulations into the Mortgage contract are without any merit. *See Pl's Mot. to Remand* (ECF 8) at 3. In addition, Rocket Mortgage specifically disputes Plaintiff's assertions that no good faith contact was attempted, which is solely defined in the federal regulations. *See* 12 C.F.R. § 1024.39. Rocket Mortgage had submitted an affidavit in *Tablada 1* to clarify its attempts to contact Mr. Tablada in compliance with the federal regulations. *See* Czartoryski Aff. (ECF 9-1).

Likewise, Rocket Mortgage disputes Mr. Tablada's alleged eligibility for additional partial claim funds, governed by the NHA. Although unnamed in this Complaint, Ginnie Mae and/or HUD's secured interest in the partial claim mortgage would also be disputed should Mr. Tablada argue that the recorded Satisfaction of Mortgage remain undisturbed. In order to transfer title to the successful bidder, HUD discharged its partial claim mortgage on February 3, 2026. This creates yet another disputed issue involving Plaintiff's complaint. For example, if the foreclosure sale were voided, would the partial claim mortgage be restored to its original position, or would the

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

recorded satisfaction of mortgage prevent HUD from collecting its secured debt? Therefore, the second prong is met because the HUD notice provisions and the alleged partial claim mortgage violations are actually disputed by the Parties.

3. **The Federal Issues Would Substantially Settle a Pure Issue of Law Which Affects an Important Government Interest to Prohibit Judicial Review of Similar Partial Claim Mortgages.**

In essence, Mr. Tablada is asserting an inherent right to enforce the HUD Regulations in any mortgage, irrespective of its contractual terms because essentially all mortgages include a reference to "as permitted by Applicable Law" or the like. While not expressly plead as a constitutional right, the Complaint asserts a right to invoke the HUD Regulations as an "implied contract" in any mortgage containing a reference to "Applicable Law". *See Tablada 2, Compl.* (ECF 5) at ¶¶ 175-87. In reality, Mr. Tablada is seeking to invoke a private right of action by another name. Resolving this issue now would resolve a "nearly pure issue of law" that "could be settled once and for all[.]" *See R.I. Truck Ctr*, 92 F.4th at 343. Whether or not the federal issue would arise frequently "does not necessarily preclude a finding that *Grable*'s "substantiality" prong is satisfied. *Id.* At the very least, a resolution of this issue would apply by analogy to all cases where Ginnie Mae owns a mortgage that only references "Applicable Law" with no express contractual references to the HUD Regulations. *See id.*

Likewise, the Government has a strong interest in determining the "implied" constitutional right to federally approved funds apportioned by the NHA. Plaintiff's claim for an "implied" right to additional partial claim funds would necessarily impact Congress' express prohibition for judicial review. *See* 12 U.S.C. § 1710(a)(2). Indeed, "[t]he Government has a direct interest in the availability of a federal forum to vindicate its own administrative action," such as here, where Mr. Tablada alleges that Ginnie Mae did not issue additional partial claim funds that he claims

10

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

entitlement to. *See Grable,* 545 U.S. at 315. Unlike many of the cases involving federal claims but lacking "a federal department, agency, or service," here, the Plaintiff's allegations directly challenge the propriety of Ginnie Mae's actions. *See Municipality of Mayaguez v. Corporacion Para el Desarraollo del Oseste, Inc.,* 726 F.3d 8, 14 (2013) (quoting *Empire Healthchoice Assurance v. McVeigh,* 547 U.S. 677, 700 (2006)). While not specifically named as a party, Plaintiff's Count I would also affect HUD's partial claim mortgage, which was discharged on February 3, 2026 following foreclosure sale of the Property. Plaintiff's Complaint does not call on the Court to reinstate the Partial Claim Mortgage in the event that the foreclosure is declared void, and as a result the Government could be deprived of its secured interest in the $54,743.90 partial claim funds. Therefore, even if Rocket Mortgage's notice requirements may be insufficient on their own, the third prong is still met because a decision on the alleged partial claim mortgage violations would substantially settle a pure issue of law concerning whether the HUD provisions may be asserted without a contractual agreement, affects an important Government interest to limit judicial review of HUD's partial claim mortgage application, and may avoid HUD from losing its secured status in partial claim funds.

4. **The Federal Issues are Capable of Resolution in Federal Court without Disrupting the Federal-State Balance Approved by Congress.**

Lastly, the fourth element is met because resolution of the federal issues would only affect this Court's original jurisdiction under 28 U.S.C. § 1331. Plaintiff has not cited any relevant state statute, regulation, or caselaw that establishes a right to create an "implied contract" to circumvent the federal preemption to a private right of action under 12 C.F.R. § 1024.39. Neither has Plaintiff cited any state law that would overcome Congress' complete preemption of judicial review over partial claim mortgages, pursuant to 12 U.S.C. § 1710(a)(2). These issues are invariably within this Court's original jurisdiction relative to "any civil action brought in a State court of which the

11

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

district courts of the United States have original jurisdiction." *See City of Chicago*, 522 U.S. at 163.

Admittedly, the Complaint includes claims directly relating to state law application of R.I.G.L. § 34-27-4 and Paragraph 22 of the Mortgage, relative to the notice of sale and default notice, respectively. However, these accompanying claims may be resolved through this Court's ancillary jurisdiction because they "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *See id.* at 164-65 (internal citations and quotations omitted). Pursuant to 28 U.S.C. § 1367, Congress codified the principles of supplemental jurisdiction, which provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus, resolution of the federal issues would only affect the Court's original jurisdiction, pursuant to 28 U.S.C. § 1331, because the Plaintiff cannot rely on any state law that permits the creation of an "implied contract" to allege violations under federal law, Congress has proscribed complete preemption of judicial review over partial claim mortgages, and any state law claims concerning the notice of sale or default letters are ancillary to the underlying federal issues.

**WHEREFORE**, the Defendant, Rocket Mortgage, LLC, respectfully requests that the Plaintiff's Motion to Remand be denied, and that this Court grant such additional relief as it may deem just and equitable.

12

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand

Respectfully submitted,
**DEFENDANT,**
**Rocket Mortgage, LLC,**
By its attorneys,

*/s/ Rowdy M. Cloud_____*
Rowdy M. Cloud, Esq. (# 9383)
BROCK AND SCOTT, PLLC
23 Messenger Street, Second Floor
Plainville, MA 02726
Tel: (508) 379-4516
Dated: April 13, 2026                    rowdy.cloud@brockandscott.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April 2026, I caused a copy of the foregoing document to be filed and served via the ECF system on the parties registered to receive electronic service in this matter. I further certify that a copy of said document to be served via electronic mail to:

John B. Ennis, Esq.
Jbelaw75@gmail.com

*/s/ Rowdy M. Cloud___*
Rowdy M. Cloud, Esq. (#9383)

Rocket Mortgage LLC's
Obj. to Pl's Mot. to Remand