UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERRISQUE TABLADA,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC;<br>SEVEN DEUCE, LLC,<br><br>Defendants. | ) | C.A. No. 1:26-cv-00118-MSM-AEM |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

Before this Court is the plaintiff, Amerrisque Tablada's, Motion to Remand. ECF No. 8. Mr. Tablada alleges that Rocket Mortgage, LLC ("Rocket") breached its mortgage contract when it foreclosed on his home. The plaintiff previously brought this matter before this Court in *Tablada v. Seven Deuce, LLC et al.*, 1:25-cv-00284-MSM-AEM, but named a federal defendant and stated a federal cause of action. The Court denied Mr. Tablada's motion for preliminary injunction, and subsequently, with a motion to dismiss pending, he voluntarily dismissed the matter. Mr. Tablada then filed another complaint in Rhode Island Superior Court without the named federal defendant and federal claim. ECF No. 1-2. Rocket removed that case to this Court and Mr. Tablada now moves to remand.

## I. BACKGROUND

On January 29, 2026, Mr. Tablada filed a complaint in Washington County Superior Court alleging breach of contract. Mr. Tablada claims that Rocket failed to comply with the terms of the mortgage, which he argues mandated that Rocket comply with all laws and regulations, including federal HUD regulations. He claims they did not comply with the HUD regulation requiring live contact for delinquency and for a servicer to evaluate the borrower for a partial claim and other loss mitigation requirements. ECF No. 1-2 ¶¶ 48–56. Mr. Tablada also alleges that Rocket's Notice of Foreclosure Sale "did not strictly comply with the terms of the mortgage and R.I.G.L. [§] 34-27-4." *Id.* ¶ 58. Rocket now seeks to convey the foreclosure deed to Seven Deuce, LLC.

Count I seeks a declaratory judgment voiding the foreclosure "for failure to strictly comply with the terms of the mortgage, the Rhode Island statutory scheme for nonjudicial foreclosures and the HUD regulations." *Id.* ¶ 170. Count II seeks injunctive relief prohibiting the recording of a foreclosure deed and Count III asserts a claim of breach of the covenant of good faith and fair dealing and breach of an "implied contract," both premised on the same alleged facts pertinent to Count I. *Id.* ¶¶ 171, 175. Mr. Tablada's core theory under Count I is that that Rocket failed to comply with the contract's requirement that Rocket adhere to "Applicable Law" which incorporated HUD regulations and state law. *Id.* ¶¶ 176–77. The key question before the Court is whether this argument raises a federal question sufficient to grant this Court jurisdiction. For the following reasons, the Court finds that it does not.

## II. DISCUSSION

The parties agree that there is no federal diversity jurisdiction, and that Mr. Tablada does not explicitly allege any federal claims. In this case, the claimed jurisdiction rests on a narrow exception to the well-pleaded complaint rule. *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (describing such instances as "extremely rare"). The factors a court considers in evaluating this exception are known as the *Grable* Factors. A state-law claim may give rise to federal-question jurisdiction under § 1331 when it "[1] necessarily raise[s] a stated federal issue, [2] actually disputed and [3] substantial, which [4] a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Rhode Island Truck Ctr., LLC v. Daimler Trucks N. Am., LLC*, 92 F.4th 330, 342 (1st Cir. 2024). "Federal courts must be cautious in exercising this form of jurisdiction because it lies at the outer reaches of § 1331." *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 208 (4th Cir. 2022) (citation modified). The Court finds that even if Defendants are able to meet the first two *Gable* factors, the federal question presented is not substantial and would upset the balance of federal and state responsibilities such that the remaining *Grable* factors do not permit this Court to exercise jurisdiction.

Federal courts have repeatedly, whether at the first *Grable* step or the last, found they lack jurisdiction over claims such as Mr. Tablada's. *See, e.g.*, *Henry v. Bank of Am., N.A.*, No. 4:12-CV-786-A, 2012 WL 6730718, at *6 (N.D. Tex. Dec. 28,

2012) (describing findings by federal courts that the balance of federal and state judicial responsibilities would be disturbed if courts were to find an embedded federal question in similar cases); *Myers v. Countrywide Home Loans, Inc.*, 368 F. Supp. 2d 587, 588–89 (N.D. Tex. 2005) (determining that a "contractual incorporation of a federal standard" was not essential as it only involved the state right of the performance of the contract, not a federal right under HUD regulations); *W. Michigan Woods Ltd. Dividend Hous. Ass'n Ltd. P'ship v. City of Kalamazoo*, No. 1:09-CV-79, 2009 WL 2392899, at *5 (W.D. Mich. Aug. 3, 2009) (finding federal issue insubstantial where it was not the sole contested issue, state law controlled the issue, and where a federal agency was not involved); *Beverlin v. I.R.S.*, 574 F. Supp. 553, 554 (W.D. Mo. 1983) ("The fact that parties include the language of a federal law in their contract does not raise a breach of such contract to a 'civil action arising under the Constitution laws or treaties of the United States,' even though an interpretation of the contract will involve interpretation of language that is also a federal statute."); *N. Jefferson Square Assocs., L.P. v. Va. Hous. Dev. Auth.*, 94 F. Supp. 2d 709, 719 (E.D.Va.2000), *aff'd*, 32 Fed. App'x 684 (4th Cir. 2002) (state breach of contract claim interpreting HUD regulations did not raise federal question); *Yorkshire Commons Ltd. Dividend Hous. Ass'n Ltd. P'ship v. City of Mount Pleasant*, No. 12-13468, 2012 WL 13002174, at *7–8 (E.D. Mich. Dec. 6, 2012) (same); *Atrisco Heritage Found. v. New Mexico Comm'n for Cmty. Volunteerism*, No. 18-CV-937 MV/JFR, 2020 WL 1514625, at *8 (D.N.M. Mar. 30, 2020) (same). Rocket does not point to any cases

where federal courts have exercised jurisdiction in similar circumstances. The Court proceeds to examine and apply each factor to this to the facts here.

### A. Necessarily Raised Federal Question

The necessarily raised prong is satisfied when a state-law claim is "inescapabl[y]" bound up in resolving an issue of federal law. *See Rhode Island v. Shell Oil Prods. Co.*, 35 F.4th 44, 56 (1st Cir. 2022) (citing *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014)). To prevail on his state contract claim, the plaintiff must show that Rocket breached the mortgage contract. This, in turn, requires Mr. Tablada to show that the contract incorporated the relevant HUD regulations and that Rocket breached those provisions.[1] *See Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009) (describing embedded federal question).

Although Mr. Tablada's breach of contract claim is one of state law, his underlying argument can be characterized as bound up in federal law because it includes the question of whether Rocket complied with HUD notice provisions. *See Rhode Island Fishermen's All.*, 585 F.3d at 49 (finding federal question raised where state-law prohibition required interpreting whether activity was "expressly required

[1] Rocket argues that Mr. Tablada has no "basis to assert federal regulations." (ECF No. 10 at 9.) But "the Court is not aware of any principles of preemption that would operate to suggest that the absence of a federal cause of action under the NHA [or HUD] was intended to prevent parties from entering into an agreement to make otherwise unenforceable conditions enforceable under state principles of contract law." *Kersey v. PHH Mortg. Corp.*, 682 F. Supp. 2d 588, 597 (E.D. Va. 2010), *vacated*, No. 3:09CV726, 2010 WL 3222262, at *3 n.2 (E.D. Va. Aug. 13, 2010); *see also Dan-Harry v. PNC Bank*, N.A., No. CV 17-136 WES, 2018 WL 1083581, at *5 (D.R.I. Feb. 27, 2018).

by federal law"); *see also Mathews v. PHH Corp.*, No. 3:09-CV-00083, 2010 WL 3766538, at *3 (W.D. Va. Sept. 24, 2010) (finding necessarily raised prong met when declaratory judgment action required analysis of HUD regulation). Assuming without deciding that the element is "essential," the Court proceeds to the next prong, where Rocket's argument runs into greater headwinds.

**B. Actually Disputed**

A federal question must not only be necessarily raised, but also actually disputed. *Grable*, 545 U.S. at 314–15. The parties dispute whether "good faith" contact, defined by HUD regulations, was attempted, and Mr. Tablada's entitlement to partial claim loss mitigation. ECF No. 10 at 9. But their dispute rests not on the definition of "good faith" contact or any other interpretation of federal law but on whether this requirement was incorporated into their contract and whether contact in fact occurred. There does not appear to be a dispute about the meaning of the federal statute or even what constitutes "contact". Mr. Tablada's claimed entitlement to a partial claim is reliant on whether HUD regulations were incorporated, not on an interpretation of substantive federal law. Thus, "it is somewhat difficult to discern exactly what the 'disputed' question of federal law is." *In re Pharm. Indus. Average Wholesale Price Litig.*, 457 F. Supp. 2d 65, 75 (D. Mass. 2006).

To meet the requirements of this factor interpretation of HUD regulations would have to be necessary to decide the outcome of the breach of contract claim. *See id.* Rocket's theory stretches the "actually disputed" prong too far in the Court's view,

but even if the Court were to find in their favor, their argument does not meet the test of the subsequent factors.

### C. Substantial Federal Question

"Substantiality demands that an embedded federal question be 'important to the federal system,' not just to the parties." *AMTAX Holdings 227, LLC v. Tenants' Dev. II Corp.*, 15 F.4th 551, 558 (1st Cir. 2021) (quoting *Mun. of Mayagüez v. Corporación Para el Desarrollo del Oeste, Inc.*, 726 F.3d 8, 14 (1st Cir. 2013)). An issue is important to the federal system as a whole: (1) "where the outcome of the claim could turn on a new interpretation of a federal statute or regulation" or (2) "where the resolution of the issue has broader significance . . . for the Federal Government." *Mun. of Mayagüez*, 726 F.3d at 14 (citation modified). A case involving a straightforward legal question that can be resolved permanently rather than a highly fact dependent issue where the ruling only applies to a single case is more likely to be considered important to the federal system as a whole. And "a federal issue is more likely to be substantial where a claim between two private parties, though based in state law, directly challenges the propriety of an action taken by 'a federal department, agency, or service.'" *Id.* (quoting *Empire Healthchoice Assurance*, 547 U.S. at 700.)

Mr. Tablada "challenges the action of [Rocket], not the federal government." *Wendella Sightseeing Co. v. Blount Boats, Inc.*, No. CV 17-368 WES, 2018 WL 1620925, at *3 (D.R.I. Mar. 30, 2018); *see also W. Michigan Woods*, No. 1:09-CV-79, 2009 WL 2392899, at *5 (finding no federal issue in a dispute between a municipality

and a developer). That a government agency might be affected downstream by the outcome of a state court case does not amount to presenting a federal question. *See Shamrock Grp. v. Base, Inc.*, No. 19-CV-12407-DJC, 2020 WL 4583846, at *4 (D. Mass. Aug. 10, 2020) ("The fact that the contracts were created to comply with federal law and enacted by a federal agency is too tenuous a connection to rise to the level of substantial question of federal law.").

Rocket argues that "resolution of this issue would apply by analogy to all cases where Ginnie Mae owns a mortgage that only references 'Applicable Law' with no express contractual references to the HUD Regulations." ECF No. 10 at 10. First, resolution of this issue would affect contractual matters Rocket had entered into that used the same contractual language. Second, resolution of this issue would be a matter of Rhode Island contract law by determining whether this contract incorporated HUD regulations and therefore would not apply by analogy to all cases. Deciding whether the contract incorporated HUD regulations could, at most, only impact other mortgagors in Rhode Island and is unlikely to have broader significance for the Federal Government. *See Mennonite Gen. Hosp., Inc. v. Molina Healthcare of Puerto Rico*, 319 F. Supp. 3d 587, 594 (D.P.R. 2018) (finding interpretation of the law that would only impact Puerto Rico would not have broader significance for the Federal Government). Thus, Rocket has not shown "that a judgment would pose a risk to some federal actor or program." *Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co., Inc.*, 88 F.4th 58, 68 (1st Cir. 2023). And Rocket concedes that the issue does not often arise. (ECF No. 10 at 10); *see also Wendella Sightseeing*, No. CV

17-368 WES, 2018 WL 1620925, at *3 (D.R.I. Mar. 30, 2018) (finding interpretation of a federal statute or regulation insubstantial where it did not "govern a large number of cases").

Furthermore, the issue before the Court is not a nearly pure issue of law that could be settled once and for all. The issue of law presented is one of state contract law. The remainder of the dispute is a fact specific inquiry of whether contact was in fact attempted and/or made with Mr. Tablada. "Rather than disputes over the meaning of HUD regulations incorporated in the contract between the parties, the complaint reveals that the disputes between the parties [are] overwhelmingly factual." *See Mun. of Mayagüez*, 726 F.3d at 14.

Although Mr. Tablada's claims may touch on a federal regulation, "the suit actually relates to rights and obligations under the parties' contract, the rights and obligations of which are governed by state law," with the remaining dispute being factual in nature. *Mathews v. PHH Corp.*, No. 3:09-CV-00083, 2010 WL 3766538, at *3 (W.D. Va. Sept. 24, 2010). The federal question therefore is not substantial, and the Court does not have jurisdiction.

**D. Balance of Federal and State Responsibilities**

Assuming that the federal issue is necessary, actually disputed, and substantial, federal jurisdiction will not attach if its exercise will "[disturb] any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

It is "highly doubtful that Congress intended to permit a seismic shift" in mortgage litigation, from state to federal courts, if any contract refers to HUD regulations. *See Rhode Island Fishermen's All.*, 585 F.3d at 52. Congress has "neither preempted state remedies in the field nor created a private federal right of action to enforce the regulation." *See id.* The absence of a federal private right of action suggests that Congress did not intend for federal courts to exercise jurisdiction. *See Grable*, 545 U.S. at 318. This doubt is underscored in the context of the foreclosure litigation before the Court, where real property interests and contract rights, which "are paradigms of state law concern" lie. *Nash v. GMAC Mortg., LLC*, No. CA 10-493 S, 2011 WL 2470645, at *6 n.7 (D.R.I. May 18, 2011) (citing *Marks v. Bank of Am., N.A.*, No. 03:10-CV08039PHXJAT, 2010 WL 2572988, at *7 (D. Ariz. June 22, 2010)). Such controversies are generally relegated to state law. *See id.* So should this controversy.

## III. CONCLUSION

For the foregoing reasons, Mr. Tablada's Motion to Remand (ECF No. 8) is GRANTED. This matter is REMANDED to the Rhode Island Superior Court sitting in Wakefield, for the county of Washington. Rocket's Motion to Dismiss (ECF No. 6) is DENIED AS MOOT.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

October 15, 2026